# In the United States Court of Federal Claims

No. 14-958 C
(Filed July 24, 2015)

| | |
|---|---|
| JESUS M. MOSQUEDA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## OPINION

Plaintiff claims he was wrongfully discharged from the Navy following a finding by an administrative separation board that he had committed a serious offense as defined by the Naval Military Personnel Manual ("MILPERSMAN"). *See* Doc. 1.  Plaintiff unsuccessfully petitioned the Board for Correction of Naval Records ("BCNR") to reverse the administrative separation board's decision. *See* Doc. 1, Ex. H.  The BCNR denied plaintiff relief, and he filed the instant complaint asking the court to set aside the Navy's action. *See* Doc. 1 at 27.

Defendant has moved for partial dismissal of plaintiff's case, for judgment on the administrative record, and alternatively for remand. *See* Doc. 6.  Plaintiff has filed a cross-motion for judgment on the administrative record. *See* Doc. 9.  For the following reasons, the court denies the government's motions, and grants plaintiff's motion for judgment on the administrative record.

## I.   FACTS

Plaintiff served on active duty in the Navy from March 3, 1992 to October 15, 2008.  *See* Doc. 1, ¶ 7.  Following a Naval Criminal Investigative Service investigation into accusations that plaintiff molested a former girlfriend's daughter, *see* Doc. 1, ¶¶ 14-27, and two additional allegations of sexual misconduct made by fellow Navy personnel, *see* Doc. 1, ¶ 28, the Navy instituted administrative separation proceedings against plaintiff.  *See* Doc. 1, ¶ 32.

The Administrative Separation Processing Notice listed two reasons for the action:  (1) "Defective Enlistment and Inductions – Erroneous Enlistment," pursuant to MILPERSMAN 1910-130; and (2) "Misconduct – Commission of a Serious

Offense," pursuant to MILPERSMAN 1910-142. Doc. 1, Ex. A, Tab C. No further detail was provided in the notice with regard to the factual basis for these charges.

At the administrative separation board hearing, the government presented evidence relating to all alleged sexual misconduct. *See* Doc. 1, ¶¶38-39. Both parties presented evidence of endemic sexual promiscuity among Navy personnel. *See* Doc. 1, Ex. A, Tab F. The board concluded that plaintiff had not been erroneously enlisted but that he had committed a serious offense, and recommended "other than honorable" separation. *See* Doc. 1, ¶¶ 41-43.

The stated basis for the board's decision that plaintiff had committed a serious offense was: "(1) Preponderance of [the] evidence supports child sexual molestation; (2) Preponderance of [the] evidence indicates Petty Officer Mosqueda was likely than not [sic] the abuser; (3) Per RTC Great Lakes instruction as staff member and supervisor did not act on known inappropriate behavior of students which impacted morale and conduct." Doc. 1, Ex. A, Tab D.

After reviewing plaintiff's letter of deficiency contesting the board's decision, the commanding officer at Great Lakes stated that the board had given undue weight to the evidence of child molestation, but affirmed the separation decision for plaintiff's violation of Instruction 5370.1, which imposes a duty to "report any instance of fraternization and take immediate and appropriate corrective action." Doc. 1, Ex. A, Tab U at 2. The commanding officer then recommended a general discharge, as opposed to the other than honorable discharge recommended by the board. *See id.* at 3. On September 23, 2008, the Navy granted authority to separate plaintiff under a general discharge based on plaintiff's failure to report fraternization. *See* Doc. 1, Ex. A, Tab E.

## II. ANALYSIS

### A. Improper Discharge

Plaintiff takes issue with the Navy's action on myriad grounds. After careful review of the record, however, it is clear that the Navy's actions must be set aside even under its own presentation of the facts.

The court's review of the Navy's decision to discharge plaintiff is limited to determining whether that decision "is arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations." *Cronin v. United States*, 765 F.3d 1331, 1334 (Fed. Cir. 2014) (quoting *Melendez Camilo v.*

2

*United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011)). "In accord with this standard, the court does not reweigh the evidence but considers whether the Board's conclusion is supported by substantial evidence." *Verbeck v. United States*, 118 Fed. Cl. 420, 424 (2014) (citing *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983)).

Here, plaintiff was discharged on the basis that he failed to report fraternization. While evidence of fraternization was presented at the administrative separation board hearing, and the fact that plaintiff presented some of that evidence himself suggests he had knowledge of it, there is no evidence in the record that tends to prove what plaintiff did or did not do with that information. *See generally* Doc. 1, Ex. A, Tab F. To be clear, the court does not find that the government's evidence on this point is simply insufficient, but rather that it is nonexistent. The government asked no questions and presented no documents addressed to plaintiff's action or inaction with regard to fraternization.

As such, the Navy's conclusion that plaintiff violated Instruction 5370.1, which ultimately served as the sole basis for his discharge, is unsupported by the evidence and must be set aside.

### B. Remedy

As a remedy for his improper discharge, plaintiff seeks: (1) either restoration to active duty, including reinstatement of lost time in grade and opportunity for advancement, or placement on the Retired List with full pay and benefits; (2) correction of his military records; (3) compensatory and consequential damages, including all sums paid for medical expenses since the date of discharge; and (4) attorneys' fees and costs of this suit. *See* Doc. 1 at 27-29.

#### 1. Reinstatement

As the Federal Circuit has observed, even when a member of the military prevails on a claim of improper discharge, "his remedy is limited." *See Dodson v. United States*, 988 F.2d 1199, 1208 (Fed. Cir. 1993). In *Dodson v. United States*, the Circuit found that Mr. Dodson had been improperly discharged and barred from reenlistment due to an error on the Army's part. Even so, the court could not order the Army to reenlist Mr. Dodson. The court explained:

> Because no one has a right to enlist or reenlist in the armed forces unless specially granted one, an enlisted serviceman who has been improperly

>discharged is entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired had he not been so discharged.

*Id.* (citations omitted).  In addition, the court noted that it could not determine whether reenlistment was appropriate had the error not occurred—"[t]hat decision is properly for the Army, not the court." *Id.  See also Thomas v. United States*, 42 Fed. Cl. 449, 452 (1998) (stating that "this court does not have the authority to order the re-enlistment of a serviceman beyond the date on which his term of enlistment would have expired").

The court, therefore, does not have the authority to order the Navy to restore plaintiff to active duty since his term of enlistment expired several years ago.  The court can, however, restore plaintiff to the position he would have been in had he not been improperly discharged by awarding back pay for the period of time between the date on which he was improperly discharged and the date on which his enlistment term would have expired.  The case is remanded to the BCNR for calculation of the appropriate sum to be awarded as back pay.

### 2.     Retirement or Reserve Status

Plaintiff's request for this court to award him reserve or retirement status is inappropriate and exceeds the bounds of the court's review authority.  On remand, however, the BCNR is directed to take the appropriate steps to determine whether, in the absence of the improper discharge, plaintiff would have been eligible for such status pursuant to 10 U.S.C. § 6330, or an applicable Navy regulation.

### 3.     Medical Expenses

Plaintiff also seeks to recover all medical expenses he has incurred since the date of his improper discharge.  The government argues that plaintiff has waived this claim because he did not raise it before the BCNR.  *See* Doc. 6 at 23.  Indeed, this court has held that a claim for medical expenses is waived if it is not raised before the relevant administrative board.  *See Thomas*, 42 Fed. Cl. at 454 ("Plaintiff's failure to raise the issue of reimbursement for medical expenses at the [Army Board for Correction of Military Records] waive[d] his right to do so for the first time on this appeal.")  *See also Doyle v. United States*, 220 Ct. Cl. 285, 311 (1979) ("It has long been part of our law that a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it.").

Plaintiff concedes that medical expenses were "not specifically requested . . . in his petition to the Board for Correction of Naval Records (BCNR)." Doc. 9 at 24. A general demand that he be restored to the position he held prior to improper discharge is insufficient to avoid waiver. Plaintiff's request for medical expenses is denied.

### 4. Attorneys' Fees and Costs

The time for filing a motion for attorneys' fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) is set forth in RCFC 54(d)(2).

## III. CONCLUSION

Plaintiff's motion for judgment on the administrative record is **GRANTED**, and defendant's partial motion to dismiss, motion for judgment on the administrative record, and motion to remand are each **DENIED**.

Pursuant to RCFC 52.2 the case is remanded to the BCNR: (1) to calculate the amount of active duty back pay to which plaintiff is entitled, including taking the appropriate steps to determine whether, in the absence of the improper discharge, plaintiff was entitled to continued active duty pay status pursuant to 10 U.S.C. § 1176(a), or any applicable Navy regulation; and (2) were there entitlement to continued active duty status pursuant to 10 U.S.C. § 1176(a), to determine whether plaintiff was entitled to a transfer to the Fleet Reserve, and if so the amount of any back pay reserve compensation involved; and (3) to correct plaintiff's records pursuant to 28 U.S.C. § 1491(a)(2), in accord with this court's conclusions.

Defendant is designated, pursuant to RCFC 52.2(b)(1)(D), to report the status of the remand proceedings, commencing on November 23, 2015, and at the conclusion of each 90-day period thereafter until completion of the proceedings.

Further proceedings are stayed pending completion of the remand.

**SO ORDERED.**

s/ James F. Merow  
James F. Merow,  
Senior Judge